IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ISHMAEL HASSAN OBAMA                                                                    PLAINTIFF
ADC #145160

V.                                          NO: 4:16CV00115 JLH/PSH

JOHN STALEY                                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

On February 5, 2015, plaintiff Ishmael Hassan Obama ("Obama"), an Arkansas Department of Correction ("ADC") inmate housed at the Varner Super Max Unit, filed a *pro se* complaint alleging violations of 42 U.S.C. § 1983 and Arkansas state law in the Circuit Court of Lonoke County, Arkansas, Case No. 43CV2016-68. Defendant John Staley, the Lonoke County Sheriff, removed the case to this Court on March 2, 2016.[1]

---

[1] Obama is a "three-striker" and is not eligible to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act. *See, e.g., Obama v. Andrews et al*, ED/AR No. 5:15CV00209.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).[2]

**II. Analysis**

According to Obama's complaint, he was an ADC inmate when he arrived at the Lonoke County Detention Center on January 27, 2016, for a court appearance the next day.  Obama asserts

---

However, Staley paid the filing and administrative fees when the case was removed.

[2]Although the filing and docketing fees have been paid, screening is still appropriate.  *See Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (unpublished per curiam) (internal citations omitted).

he was chained to a bench for an hour and a half, before being placed into an overcrowded cell, where another inmate was urinating and defecating on the floor. Later that evening, Obama was moved to a hot cell which had only two bunks, which were already occupied, and he was therefore forced to sleep on a worn mattress on the floor. He claims he was bitten by ants, and kicked at rats which ran in and out of the cell. Obama also charges he was denied access to his personal property or a law library, despite his request for access.

Liberally construing Obama's complaint, he has raised federal claims that the conditions of his confinement amounted to cruel and unusual punishment, and that he was denied access to the courts. For the reasons set forth below, Obama's complaint should be dismissed.

<u>Conditions of confinement</u>

To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Obama began his stay at the detention center on January 27, 2016. It is not clear exactly when he returned to the ADC, but, based on the dates Obama provided in his complaint, he was back by February 1, 2016. Although Obama vaguely complained that he suffered emotional and physical pain, he has described no real injury he sustained as a result of the conditions, and the short period of time he was exposed to the objectionable conditions is not a constitutional violation. *See*, *e.g.*, *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-seven days without exercise was not a constitutional violation); *Goldman v. Forbus*, 17 Fed.Appx. 487, 488 (8th Cir. 2001) (unpublished


opinion) (six nights sleeping on the floor and being sprinkled with urine two of the nights was not a constitutional violation); *Smith*, 87 F.3d at 269 (8th Cir.1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *White v. Nix*, 7 F.3d 120, 121 (8th Cir.1993) (eleven days in an unsanitary cell did not amount to a constitutional violation).

<u>Access to the courts</u>

Although Obama's allegations regarding the detention center's law library and his access to his personal property suggest he is attempting to advance an access to the courts claim, he has not identified any lawsuit or legal claim which was negatively impacted by his lack of access to his property, or the law library situation at the detention center. *See Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008)(denial of access to courts claim must be supported by showing of actual injury, i.e., that non-frivolous legal claim was frustrated or impeded).

<u>State law claims</u>

Because Obama has failed to state a claim for relief under federal law, the Court should decline to exercise jurisdiction over any state law claim he is attempting to bring. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Obama's complaint be DISMISSED WITHOUT PREJUDICE.

2. All pending motions be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 12th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE